**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| KEVIN TURNER, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| GRAPHITE BIO, INC., PERRY KARSEN, ABRAHAM BASSAN, JEREL DAVIS, KIMBERLEE C. DRAPKIN, KRISTEN M. HEGE, JOSEPH JIMENEZ, MATTHEW PORTEUS, CARLO RIZZUTO, SMITAL SHAH, and JO VINEY, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Kevin Turner ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Graphite Bio, Inc. ("Graphite Bio" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of the Company with Lenz Therapeutics, Inc. ("LENZ").[1]

2. On November 14, 2023, Graphite Bio, the Company's wholly-owned subsidiary Generate Merger Sub, Inc., and LENZ entered into an Agreement and Plan of Merger (the

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

"Merger Agreement"). The Merger Agreement provides that Graphite Bio and LENZ will combine, with LENZ common stock converted into the right to receive a number of shares of Graphite Bio common stock based on a ratio calculated in accordance with the Merger Agreement (the "exchange ratio"), which is estimated to be equal to approximately 1.4135 based on Graphite Bio's and LENZ's capitalization as of November 9, 2023.[2]

3.      Notably, the Merger Agreement requires the Company to issue additional shares of its common stock (the "Share Issuance") to effect the Proposed Transaction. As a Nasdaq listed company, applicable listing rules require Graphite Bio is to secure stockholder approval before issuing twenty percent or more of its outstanding common stock. The Proposed Transaction is therefore contingent on Company stockholders approving the Share Issuance.

4.      The Company's corporate directors subsequently authorized the February 13, 2024, filing of a materially incomplete and misleading Form 424B3 Prospectus (the "Prospectus") with the SEC. The Prospectus, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Prospectus in violation of Sections 14(a) and 20(a) of the Exchange Act.

---

[2] Graphite Bio stockholders will own approximately thirty-five percent of the combined company upon consummation of the Proposed Transaction. In connection therewith, Graphite Bio concurrently entered into a subscription agreement with certain institutional investors (the "PIPE investors"). Pursuant to that agreement, Graphite Bio will issue to the PIPE investors shares of Graphite Bio common stock immediately following the merger in a private placement transaction for an aggregate purchase price of $53.5 million (the Graphite Bio private placement"). Following the Graphite Bio private placement, assuming a subscription amount of $53.5 million, Graphite Bio's current stockholders are expected to own approximately 30.7%, LENZ's current stockholders are expected to own approximately 56.3%, and investors issued shares of Graphite Bio in the Graphite Bio private placement are expected to own approximately 13.0% of the combined company's outstanding shares.

5. It is imperative that the material information omitted from the Prospectus is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

6. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

7. This Court has juri22iction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

8. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

10. Plaintiff is, and is and has been at all times relevant hereto, the owner of Graphite

---

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for March 14, 2024.

Bio common stock.

11. Defendant Graphite Bio is a Delaware corporation with its principal executive offices located at 611 Gateway Blvd, Suite 120, South San Francisco, California 94080. Graphite Bio's shares trade on the Nasdaq Global Market under the ticker symbol "GRPH." Graphite Bio has historically been a clinical-stage gene editing company, previously engaged in developing therapies for serious and life-threatening diseases in the United States. Graphite Bio was previously developing nulabeglogene autogedtemcel ("nula-cel"), for the treatment of sickle cell disease ("SCD"). In January 2023, Graphite Bio announced a voluntary pause of its Phase 1/2 CEDAR study of nula-cel for SCD due to a serious adverse event in the first patient dosed. In February 2023, Graphite Bio announced its decision to discontinue the development of nula-cel. The Company's pipeline also included GPH102 for the treatment of beta-thalassemia, GPH201 for the treatment of X-linked severe combined immunodeficiency syndrome, and GPH301, a product candidate for the treatment of Gaucher disease, a genetic disorder that results in a deficiency in the glucocerebrosidase enzyme. Graphite Bio has terminated the development of its programs.

12. Defendant Perry Karsen is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

13. Defendant Abraham Bassan ("Bassan") is and has been a director of the Company at all times relevant hereto. Defendant Bassan is also a Principal at Samsara BioCapital, L.P. ("Samsara BioCapital"), the Company's third largest stockholder which owns approximately 14.6% of the Company's outstanding shares.

14. Defendant Jerel Davis ("Davis") is and has been a director of the Company at all times relevant hereto. Defendant Davis is also a managing director at Versant Ventures, the

Company's largest stockholder which owns approximately 28.2% of the Company's outstanding shares in addition to owning approximately 17.0% of LENZ's outstanding shares.

15. Defendant Kimberlee C. Drapkin is Graphite Bio's Chief Executive Officer and is and has been a director of the Company at all times relevant hereto.

16. Defendant Kristen M. Hege is and has been a director of the Company at all times relevant hereto.

17. Defendant Joseph Jimenez is and has been a director of the Company at all times relevant hereto.

18. Defendant Matthew Porteus is an academic founder of the Company and is and has been a director of the Company at all times relevant hereto.

19. Defendant Carlo Rizzuto ("Rizzuto") is and has been a director of the Company at all times relevant hereto. Defendant Rizzuto is also a managing director at Versant Ventures.

20. Defendant Smital Shah is and has been a director of the Company at all times relevant hereto.

21. Defendant Jo Viney is and has been a director of the Company at all times relevant hereto.

22. Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

23. On November 15, 2023, the Company and LENZ announced in relevant part:

SAN DIEGO & SOUTH SAN FRANCISCO, Calif.--(BUSINESS WIRE)--
LENZ Therapeutics, a late-stage biopharmaceutical company focused on developing and commercializing innovative therapies to improve vision, and

5

Graphite Bio, Inc. (NASDAQ: GRPH) today announced that they have entered into a definitive merger agreement to combine the companies in an all-stock transaction. The lead programs of the combined company will address presbyopia, the inevitable loss of near vision that impacts the daily lives of nearly all people over the age of 45. The combined company is expected to trade on Nasdaq under the ticker symbol "LENZ."

In connection with the merger, Graphite Bio has entered into a subscription agreement for a PIPE financing that is expected to close concurrently with the completion of the merger of $53.5 million, with a syndicate of healthcare investors led by LENZ's existing investors and including participation from new investors. The merger is subject to stockholder approval of both companies, the effectiveness of a registration statement to be filed with the U.S. Securities and Exchange Commission to register the securities to be issued in connection with the merger, and the satisfaction of customary closing conditions.

With the cash expected from both companies at closing and the proceeds of the concurrent PIPE financing, the combined company is expected to have approximately $225 million of cash or cash equivalents. Graphite Bio is expected to contribute $115 million to the combined entity and expects to pay a dividend to Graphite Bio shareholders of approximately $60 million at the close of the transaction. Upon close, key healthcare investors in the combined company will include Versant Ventures, RA Capital Management, Alpha Wave Global, Point72, Samsara BioCapital, Sectoral Asset Management, RTW Investments and others. It is expected that the net proceeds from the merger and concurrent financing will allow the combined company to continue to build infrastructure and successfully commercialize LENZ's lead product candidate, subject to successful completion of the ongoing Phase 3 trials, New Drug Application (NDA) submission and subsequent FDA approval.

"I am pleased to announce our merger with Graphite Bio, allowing us to create a publicly traded company focused on the advancement of LENZ's lead programs, LNZ100 and LNZ101 for the treatment of presbyopia. This pivotal change comes at an important time for the company as we gear up for the readout of the Phase 3 CLARITY trials in the second quarter of 2024," said Eef Schimmelpennink, President and CEO of LENZ Therapeutics. "We believe that a once-daily pharmacological eye drop that can effectively and safely improve near vision throughout the full workday, without the need for reading glasses, will be a highly attractive commercial product with an estimated U.S. market opportunity in excess of $3 billion. We have assembled an executive team with extensive clinical, commercial and operational experience to commercialize such a product and become the category leader."

"Graphite Bio ran a thorough and strategic process and we believe that this transaction represents the company's commitment to delivering value to the

Graphite stockholders," said Kim Drapkin, CEO of Graphite Bio. "LENZ Therapeutics is strongly positioned with Phase 3 lead program, addressing a very large target market with near-term, high potential, value-inflecting milestones and a well-credentialed management team to lead the combined company."

**The Materially Incomplete and Misleading Prospectus**

24. The Board caused to be filed the materially incomplete and misleading Prospectus with the SEC on February 13, 2024. The Prospectus, which recommends that Graphite Bio stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for LENZ and the Company; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Leerink Partners LLC ("Leerink"); and (c) potential conflicts of interest faced by Leerink.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for LENZ and the Company*

25. The Prospectus fails to disclose material information concerning the financial forecasts for LENZ and the Company.

26. According to the Prospectus:

On October 19, 2023, Graphite management received information regarding LENZ's business and product candidates from LENZ, including preliminary prospective financial information prepared by LENZ management and forecasted headcount for the quarter ending December 31, 2023 and each of the fiscal years ending December 31, 2024 through 2027, forecasted license milestones in the fiscal year ending December 31, 2025 and 2026, and price, costs, and forecasted patients using an approved and commercialized LENZ product for each of the fiscal years ending December 31, 2023 through 2036 [the "LENZ management LENZ projections"].[4]

---

[4] Prospectus at 165.

The "LENZ management LENZ projections" formed the basis of Graphite Bio management's projections for LENZ, including the "Graphite management LENZ non risk-adjusted projections" and the "Graphite management LENZ risk-adjusted projections." The Prospectus nonetheless fails to disclose the LENZ management LENZ projections, or the adjustments Graphite Bio management applied to the LENZ management LENZ projections.

27. The Prospectus also fails to disclose LENZ's Unlevered Free Cash Flow over the projection period with respect to the "Graphite management LENZ non risk-adjusted projections," as well as all underlying line items.

28. The prospectus similarly fails to disclose the line items underlying the calculation of LENZ's Unlevered Free Cash Flow with respect to the "Graphite management LENZ risk-adjusted projections."

29. The Prospectus also fails to disclose the inputs underlying Graphite management's Graphite liquidation analysis.[5]

***Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Leerink***

30. The Prospectus fails to disclose material information concerning the financial analyses prepared by Leerink.

31. As to the *Discounted Cash Flow Analysis* of LENZ performed by Leerink, the Prospectus fails to disclose LENZ's terminal values.

---

[5] *See id.* at 166, referring to estimated "asset values, liabilities, potential proceeds from asset sales, wind-down costs and expenses, reserves for contingent liabilities, interest income, [and] taxes[.]"

*Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting Leerink*

32. The Prospectus fails to disclose material information concerning the potential conflicts of interest faced by the Company's financial advisor Leerink.

33. Although the Prospectus discloses that Leerink has not provided investment banking services to the Company or its affiliates during the past two years, the Prospectus fails to disclose the details of any services Leerink provided to the Company's largest stockholders, each of which has significant interest in the Proposed Transaction, in the prior two years, as well as any related fees received.[6]

34. The Prospectus also fails to disclose the details of any services Leerink provided to (or fees received from) EcoR1 Capital LLC ("EcoR1"), the Company's second largest stockholder, which together with its affiliates, owns approximately 14.7% of Graphite Bio's outstanding shares and had a representative participate in the strategic review process as an observer to the transaction committee of the Board pursuant to a letter agreement between Graphite Bio and EcoR1, dated March 10, 2023.

35. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of Leerink Partners LLC" sections of the Prospectus materially incomplete and misleading in contravention of the Exchange Act.

---

[6] The Prospectus fails to disclose the details of any services Leerink provided to, and fees received from, Versant Ventures, which owns approximately 28.2% of the Company's outstanding shares in addition to owning approximately 17.0% of LENZ's outstanding shares, and is affiliated with defendants Davis and Rizzuto, both of whom are managing directors at Versant Ventures. The Prospectus similarly fails to disclose the details of any services Leerink provided to Samsara BioCapital, which own approximately 14.6% of the Company's outstanding shares and is affiliated with defendant Bassan, as well as any related fees received.

36. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Graphite Bio**

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Graphite Bio is liable as the issuer of these statements.

39. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

40. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

41. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

42. The Prospectus is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

43. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

44. Because of the false and misleading statements in the Prospectus, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants acted as controlling persons of Graphite Bio within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Graphite Bio and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus alleged by Plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

49. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and

disseminate the material information identified above to Company stockholders;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: February 22, 2024    **LONG LAW, LLC**

        By: */s/ Brian D. Long*
          Brian D. Long (#4347)
           3828 Kennett Pike, Suite 208
           Wilmington, DE 19807
           Telephone: (302) 729-9100
           Email: BDLong@LongLawDE.com

        *Attorneys for Plaintiff*